*340 ¶ 15.
Eaton, J.,
concurring. While I concur in the decision reached by the majority on the procedural question, I write separately because I believe this appeal should not have been granted in the first instance. It appears that none of the criteria for an interlocutory appeal under Vermont Rule of Appellate Procedure 5, the basis upon which this Court accepted review, were met in this case. I likewise would not consider the trial court’s decision disallowing plaintiff Michael Bandler’s request to represent corporation’s interests to meet the criteria for review under Rule 5.1 as a collateral final order.
¶ 16. In my view, the decision to disallow representation of corporate interests by a nonattorney in this case is akin to a decision to disqualify counsel from continued representation of a client, which has been held not to be a collateral final order reviewable separately from the merits. See Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 429-41 (1985) (recognizing finality requirement of 28 U.S.C. § 1291 and refusing to extend collateral final order exception articulated in Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978), which is similar to Vermont Rule of Appellate Procedure 5.1). I see no reason why a decision to deny a nonattorney the right to represent corporate interests should be treated any differently than a request to disqualify counsel from representing a party.
¶ 17. The use of the collateral final order exception to appeals before final judgment must be narrowly construed so as to avoid piecemeal litigation. Appeals of this nature have the effect of bringing the litigation to a standstill in the trial court pending resolution of the appeal. I do not believe that we are safeguarding the narrow exception to finality that is afforded to collateral final appeals by extending this Court’s review to trial court decisions granting or denying a nonattorney the right to represent corporate interests. Accordingly, I would not have reached the procedural question here.
¶ 18. I am authorized to state that Chief Justice Reiber joins this concurrence.